IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| GARY WUNSCH, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, PETER M. BUDKO, BRIAN S. BLOCK, LISA E. BEESON, WILLIAM M. KAHANE, EDWARD M. WEIL, JR., LESLIE D. MICHELSON, EDWARD G. RENDELL, AND SCOTT J. BOWMAN,<br><br>Defendants. | Civil Action No. _____<br><br>Removed from:<br><br>Circuit Court for Baltimore County<br><br>Case No. 03C14012816<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant American Realty Capital Properties, Inc. ("ARCP" or "Defendant"), by and through its attorneys, hereby removes the above-captioned action, and all claims and causes of action therein, from the Circuit Court for Baltimore County, Maryland to the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. §§ 1441 and 1446, and 15 U.S.C. § 77p(c). Defendant appears for the purpose of removal only and for no other purpose and reserves all defenses and rights available to it. In support of this Notice of Removal, Defendant states:

1. Plaintiff filed the above-captioned putative class action on November 25, 2014 in the Circuit Court for Baltimore County, Maryland (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a) and Rule 103.5 of the Local Rules of the United States District Court for

the District of Maryland, copies of the Complaint for Violations of Sections 11 and 15 of the Securities Act of 1933, *Wunsch v. American Realty Capital Properties, Inc.*, No. 03-C-14-012816, and the Summons filed in the State Court Action are attached hereto as Exhibit A.

    2.    This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 and 15 U.S.C. § 77v(a) because it asserts federal claims arising under the Securities Act of 1933, as amended (the "1933 Act"). In particular, Plaintiff asserts claims against ARCP and individual defendants Nicholas S. Schorsch, David S. Kay, Peter M. Budko, Brian S. Block, Lisa E. Beeson, William M. Kahane, Edward M. Weil, Jr., Leslie D. Michelson, Edward G. Rendell, and Scott J. Bowman (collectively, the "Individual Defendants") for alleged violations of §§ 11 and 15 of the 1933 Act.

    3.    This action is removable under 28 U.S.C. § 1441(a) and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 112 Stat. 3227. Under 28 U.S.C. § 1441, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed ... to the district court of the United States embracing the place where such action is pending."

    4.    SLUSA amended the 1933 Act to create an exception to the 1933 Act's non-removal provision in 15 U.S.C. § 77v(a). As amended by SLUSA, Section 22(a) of the 1933 Act provides that *"[e]xcept as provided in Section 16(c),* no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (amendment in italics). Section 16(c) of the Securities Act provides that "[a]ny covered class action brought in any state court involving a covered security, as set

forth in subsection (b), shall be removable to the federal district court for the district in which the action is pending ...." 15 U.S.C. § 77p(c).

5. This action is a "covered class action" within the meaning of 15 U.S.C. § 77p(f)(2)(A) because (i) Plaintiff is seeking the recovery of damages on behalf of himself and a prospective class of other similarly situated persons or entities who acquired ARCP common stock pursuant and/or traceable to the allegedly false and misleading Registration Statement issued by ARCP in connection with its acquisition of Cole (Compl. ¶¶ 41, 42), (ii) Plaintiff alleges that common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the class (*Id.* ¶ 45), and (iii) damages are sought on behalf of "hundreds or thousands of members of the proposed Class" (*Id.* ¶ 42). This action involves a "covered security" because the securities are listed on the NASDAQ Stock Market. 15 U.S.C. § 77p(f)(3); 15 U.S.C. § 77r(b)(1).

6. Plaintiff asserts in the Complaint that this action is not removable to federal court because the Complaint alleges claims arising solely under the 1933 Act. (Compl. ¶ 5). However, numerous courts have allowed removal in precisely these circumstances. *See, e.g., Cal. Pub. Empls. Ret. Sys. v. Worldcom, Inc.,* 368 F.3d 86 (2d Cir. 2004) (holding class actions arising entirely under the 1933 Act are removable under Section 16(c)); *Lowinger v. Johnston,* 05 Civ. 316 (CH), 2005 U.S. Dist. LEXIS 44720, at *12 (W.D.N.C. Oct. 13, 2005) (holding that removal of complaint filed in state court alleging claims solely under the 1933 Act was proper and noting that "there is no question that permitting timely removal of class actions consisting of 1933 Act claims is consistent with Congress' express intention 'to make Federal court *the exclusive venue* for securities fraud class action litigation.'") (emphasis in original); *Knox v. Agria Corp.,* 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) ("After SLUSA, state courts

were no longer 'court[s] of competent jurisdiction' to hear covered class actions raising 1933 Act claims. Thus, the anti-removal provision does not apply to these covered class actions asserting exclusively federal claims.") (citation omitted); *Rubin v. Pixelplus Co.,* 06 Civ. 2964 (ERK), 2007 U.S. Dist. LEXIS 17671 (E.D.N.Y. Mar. 13, 2007) (1933 Act claims removable). While there are cases that hold to the contrary, the reasoning of the cases cited above is sound. Accordingly, removal of this action is proper.

7.   This action is properly removable to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1446(a) because the Circuit Court for Baltimore County, in which the case was brought, lies within this district and division. However, for the reasons set forth in the Defendant's accompanying Motion To Transfer, the Petition should be transferred to the United States District Court for the Southern District of New York, where numerous other class actions based on similar allegations have been filed against ARCP and the Individual Defendants.

8.   Defendant ARCP received notice of the Complaint on December 2, 2014 and accepted service of the Complaint on December 16, 2014. Because this Notice of Removal is being filed within 30 days of the earliest date that any of the Defendants received notice and were served with the Complaint, it is timely filed under 28 U.S.C. § 1446(b).

9.   Upon information and belief, no other defendant has been served in this action. Accordingly, consent to removal of the action by other named defendants is not required pursuant to 28 U.S.C. § 1446(b)(2)(A). *See Wolfe v. Green,* 660 F. Supp. 2d 738, 744 (S.D.W. Va. 2009) ("An exception to the rule of unanimity applies where less than all defendants have been served at the time of removal. In such a case, for removal to be proper, it is held that only the defendants served at the time of removal need join, or consent to, the notice of removal.")

citing *Unicom Sys., Inc. v. Nat'l Louis Univ.*, 262 F. Supp. 2d 638, 640 n.3 (E.D. Va. 2003); *Means v. G & C. Towing, Inc.*, 623 F. Supp. 1244, 1245 (S.D.W. Va. 1986) ("unserved defendants are excepted from the general rule."); *Clegg v. Powers*, C.A. No. 97-0006-H, 1997 U.S. Dist. LEXIS 17189, at *13-14 (W.D. Va. Aug. 1, 1997) (holding that an unserved defendant's consent is not required for removal).

10. Defendant will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Circuit Court for Baltimore County, pursuant to 28 U.S.C. § 1446(d). Pursuant to Local Rule 103.5, Defendant is filing copies of all documents on file in the state court in the United States District Court for the District of Maryland contemporaneously herewith, and will file the disclosures required by Local Rule 103.3 within seven days hereof.

WHEREFORE, Defendant respectfully requests that this action be, and hereby is removed from the Circuit Court for Baltimore County, to the United States District Court for the District of Maryland.

Dated: December 23, 2014          Respectfully submitted,

DUANE MORRIS LLP

By: /s/ Laurie B. Goon
    Scott H. Marder (Federal Bar No. 28789)
    Laurie B. Goon (Federal Bar No. 29604)
    DUANE MORRIS LLP
    111 South Calvert Street, Suite 2000
    Baltimore, MD 21202-6114
    Telephone: 410-949-2943
    Facsimile: 410-510-1274
    lbgoon@duanemorris.com

    *Of Counsel*:
    MILBANK, TWEED, HADLEY & McCLOY LLP
    Scott A. Edelman
    Antonia M. Apps
    Jed M. Schwartz
    1 Chase Manhattan Plaza
    New York, NY 10005
    Telephone: 212-530-5000
    *Attorneys for Defendant American Realty Capital Properties, Inc.*