GARY WUNSCH
300 Cormaic Court
Madisonville, LA 70447
Individually on Behalf of Himself and All
Others Similarly Situated,

       Plaintiff,

  v.

AMERICAN REALTY CAPITAL
PROPERTIES, INC.
405 Park Avenue, 15th Floor
New York, NY 10022,

NICHOLAS S. SCHORSCH
161 E. 70th Street
New York, NY 10021,

DAVID S. KAY
16717 Whirlaway Court
Leesburg, VA 20176,

PETER M. BUDKO
5008 Red Willow Lane
Matthews, NC 28104,

BRIAN S. BLOCK
605 Edwin Lane
Hatfield, PA 19440,

LISA E. BEESON
22 Willowmere Circle
Riverside, CT 06878,

WILLIAM M. KAHANE
1 W. 64th Street, Apt. 3B
New York, NY 10023,

EDWARD M. WEIL, JR.
200 E. 66th Street, Apt. E1504
New York, NY 10065,

LESLIE D. MICHELSON
804 N. Whittier Drive
Beverly Hills, CA 90210,

[caption continued on next page]

IN THE CIRCUIT COURT FOR
BALTIMORE COUNTY

CLASS ACTION

CASE NO. C-14-12816

COMPLAINT FOR VIOLATIONS OF
SECTIONS 11 AND 15 OF THE
SECURITIES ACT OF 1933

JURY TRIAL DEMANDED

RECEIVED AND FILED
CLERK CIRCUIT COURT
BALTIMORE COUNTY
2014 NOV 25  PD 1 54

EDWARD G. RENDELL                )
3425 Warden Drive                )
Philadelphia, PA 19129,          )
                                 )
SCOTT J. BOWMAN                  )
201 E. 83rd Street, Apt. 14B     )
New York, NY 10028,              )
                                 )
                    Defendants.  )

Plaintiff, by his attorneys, submits this Complaint for violations of sections 11 and 15 of the Securities Act of 1933 ("Securities Act") against the defendants named herein.

Plaintiff makes the following allegations, except as to allegations specifically pertaining to plaintiff, based upon the investigation undertaken by plaintiff's counsel, including analysis of publicly available news articles and media reports, public filings, securities analysts' reports, and advisories regarding American Realty Capital Properties, Inc. ("ARCP" or the "Company") and Cole Real Estate Investments, Inc. ("Cole"), press releases and other public statements issued by these two companies, including the December 23, 2013 Merger Registration Statement ("Registration Statement") and the December 23, 2013 Joint Proxy Statement/Prospectus (the "Proxy"), which formed part of the Registration Statement. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## SUMMARY OF THE ACTION

1.      This is a securities class action on behalf of all persons who acquired the common stock of ARCP pursuant or traceable to the false and defective Registration Statement issued in connection with the Company's acquisition of Cole (the "Merger"). This action seeks to pursue remedies under sections 11 and 15 of the Securities Act.

2.      On October 23, 2013, Cole and ARCP announced that they had entered into an Agreement and Plan of Merger (the "Merger Agreement"), pursuant to which ARCP, through its wholly owned subsidiary, Clark Acquisition, LLC, would acquire all of the outstanding shares of Cole's common stock in a mixed stock and cash transaction

worth approximately $11.2 billion, including the assumption of debt. In particular, the Merger Agreement provided that Cole stockholders could elect to receive 1.0929 shares of ARCP common stock or $13.82 in cash for each share of Cole common stock, subject to proration if elections for cash exceed 20% of the Company's outstanding shares. On February 7, 2014, the Merger closed. Cole shareholders representing only approximately 2% of Cole's outstanding stock elected to receive cash. Accordingly, pursuant to the misleading Registration Statement, shareholders representing 98% of Cole's over 473 million shares elected to receive ARCP stock.

3.     Less than nine months later, however, the public began to learn the truth about ARCP's business. On October 29, 2014, ARCP announced that the Audit Committee of its Board of Directors (the "Board") was in the process of conducting an investigation into its previously issued financial statements, that certain of them contained errors, and that those financial statements should no longer be relied upon. Further, the press release revealed that the Audit Committee believed that errors in the financial statements were either intentional or internally not corrected.

4.     This press release revealed that numerous statements attesting to the ARCP's internal controls, among other things, which were incorporated by reference into the Registration Statement, were false. On this news, ARCP's stock plummeted to a low of $7.38 per share, from a high of almost $15 per share.

### JURISDICTION AND VENUE

5.     The claims alleged herein arise under sections 11 and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2), and 77o. Jurisdiction is conferred by section 22 of the

Securities Act and venue is proper pursuant to section 22 of the Securities Act. Section 22 of the Securities Act explicitly states that "[e]xcept as provided in section 16(c), no case arising under this title and brought *in any State* court of competent jurisdiction shall be removed to any court in the United States." Section 16(c) of the Securities Act refers to "covered class actions," which are defined as lawsuits brought as class actions or brought on behalf of more than fifty persons asserting claims *under state or common law*. This is an action asserting federal law claims. Thus, this action does not fall within the definition of a "covered class action" under section 16(b)-(c) and therefore is not removable to federal court under the Securities Litigation Uniform Standards Act of 1998.

6.      The violations of law complained of herein occurred in this County, including the dissemination of materially false and misleading statements complained of herein into this County. Cole, the company that ARCP acquired through the defective Registration Statement, was headquartered and conducts business in this County.

7.      This Court has jurisdiction over each defendant named herein. ARCP is a corporation that conducts business in and maintains operations in Maryland. The remaining Individual Defendants (as defined herein) have sufficient minimum contacts with Maryland so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this Court because one or more of the defendants either resides in or maintains executive offices in this County. Additionally, a substantial portion of the transactions and wrongs complained of herein occurred in this County.

- 3 -

Defendants have received substantial compensation in this County by doing business here and engaging in numerous activities that had an effect in this County.

## PARTIES

9.    Plaintiff Gary Wunsch owned 3,000 shares of Cole stock at the time of the completion of the Merger.  His Cole stock was converted to 3,278 ARCP shares on February 7, 2014, pursuant to the Merger made possible by the misleading Registration Statement and has been damaged thereby.

10.    Defendant ARCP is a Maryland corporation with principal executive offices located at 405 Park Avenue, 15th Floor, New York, New York. Defendant ARCP is a self-managed commercial real estate investment trust ("REIT") focused on investing in single tenant freestanding commercial properties subject to net leases with high credit quality tenants.  The Company owns approximately 4,400 properties totaling 99.1 million square feet of leasable space.  Defendant ARCP also manages approximately $30 billion of high-quality real estate in the United States and Canada on behalf of the Cole Capital Advisors, Inc. non-traded REITs.

11.    Defendant Nicholas S. Schorsch ("Schorsch") is ARCP's Chairman of the Board and has been since December 2010.  Defendant Schorsch was also ARCP's Chief Executive Officer ("CEO") from December 2010 to October 2014.  Defendant Schorsch signed the Registration Statement.

12.    Defendant David S. Kay ("Kay") is ARCP's CEO and a director has been since October 2014.  Defendant Kay was also ARCP's President from December 2013 to October 2014.  Defendant Kay signed the Registration Statement.

- 4 -

13.    Defendant Peter M. Budko ("Budko") was ARCP's Executive Vice President and Chief Investment Officer from December 2010 to January 2014. Defendant Budko signed the Registration Statement.

14.    Defendant Brian S. Block ("Block") was ARCP's Executive Vice President and Chief Financial Officer ("CFO") from December 2010 to October 2014 and Treasurer and Secretary from December 2013 to October 2014. Defendant Block signed the Registration Statement.

15.    Defendant Lisa E. Beeson ("Beeson") is ARCP's President and has been since October 2014 and Chief Operating Officer and has been since November 2013. Defendant Beeson was also an ARCP Executive Vice President from November 2013 to October 2014. Defendant Beeson signed the Registration Statement.

16.    Defendant William M. Kahane ("Kahane") was an ARCP director from February 2013 to June 2014. Defendant Kahane was also a director and an executive officer of ARCP from December 2010 to March 2012. Defendant Kahane signed the Registration Statement.

17.    Defendant Edward M. Weil, Jr. ("Weil") was an ARCP director from March 2012 to June 2014. Defendant Weil was also an executive officer of ARCP from December 2010 to January 2014. Defendant Weil signed the Registration Statement.

18.    Defendant Leslie D. Michelson ("Michelson") is an ARCP director and has been since October 2012. Defendant Michelson was also ARCP's Lead Independent Director and from at least February 2013 to at least September 2013. Defendant Michelson is a member of ARCP's Audit Committee and has been since at least April

2013 and was Chairman of that committee from at least April 2013 to at least April 2014. Defendant Michelson signed the Registration Statement.

19.     Defendant Edward G. Rendell ("Rendell") is an ARCP director and has been since February 2013. Defendant Rendell was also an ARCP director from July 2011 to October 2012. Defendant Rendell is a member of ARCP's Audit Committee and has been since at least April 2013. Defendant Rendell signed the Registration Statement.

20.     Defendant Scott J. Bowman ("Bowman") was an ARCP director from February 2013 to September 2014. Defendant Bowman was also a member of ARCP's Audit Committee from at least April 2013 to September 2014. Defendant Bowman signed the Registration Statement.

21.     The defendants named in ¶¶11-20 are collectively referred to herein as the "Individual Defendants."

22.     Defendant ARCP and the defendants who signed the Registration Statement are strictly liable for the false and misleading statements incorporated into the Registration Statement.

## DEFENDANTS' FALSE AND DEFECTIVE
## REGISTRATION STATEMENT

23.     On October 22, 2013, ARCP and Cole entered in to the Merger Agreement, which provided that ARCP would acquire Cole for either 1.0929 shares of ARCP common stock per Cole share or $13.82 in cash per Cole share, with the cash consideration limited to no more than 20% of Cole's shares.

24.     In order to effectuate the Merger, ARCP issued the Registration Statement, which the U.S. Securities and Exchange Commission ("SEC") deemed

effective on December 23, 2013. The Registration included the Proxy and incorporated by reference numerous documents, including the Merger Agreement.

25. On January 23, 2014, Cole held its shareholder meeting. At their meeting, the shareholders voted in favor of the Merger. The Merger closed on February 7, 2014. Thereafter, 98% of Cole's common stock was exchanged for shares of ARCP common stock pursuant to Cole shareholders' elections or failure to make an election.

26. Nine month later, ARCP revealed that the Registration Statement and numerous documents it incorporated by reference contained materially false statements. In particular, on October 29, 2014, ARCP issued a press release entitled "American Realty Capital Properties Announces Non-Reliance on Previously Issued Financial Statements and Changes in Accounting Personnel." The press release stated that in response to concerns raised in September 2014, the Audit Committee hired Ernst & Young's forensic accounting group to conduct an investigation into the Company's financial statements. According to the press release, during this investigation the Audit Committee found that "the Company incorrectly included certain amounts related to its non-controlling interests in the calculation of adjusted funds from operations ("AFFO")" which resulted in an overstatement of AFFO. Importantly, the Audit Committee believes that some of the misstatements were "identified but intentionally not corrected, and other AFFO and financial statement errors were intentionally made." The press release disclosed that defendant Block,

ARCP's CFO, and Lisa McAlister, its Chief Accounting Officer, "had key roles in the preparation of those financial statements" and are no longer with the Company.

27.     The press release also admitted that ARCP's internal controls were deficient.  In particular, it stated, "[i]n light of the preliminary findings of the Audit Committee's investigation, the Company is re-evaluating its financial reporting controls and procedures.  The Company intends to make the necessary changes to its controls and procedures to remediate any control deficiencies that are identified through the Audit Committee's investigation."

28.     ARCP's October 29, 2014 press release revealed that certain statements in the Merger Agreement, which the Registration incorporated by reference were false.     In particular, section 5.7(c) of the Merger Agreement contained representations by ARCP that: (i) it and its subsidiaries "have devised and maintain a system of internal accounting controls sufficient to provide reasonable assurances regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with [generally accepted accounting principles ("GAAP")]; (ii)  ARCP "has established and maintains disclosure controls and procedures (as such term is defined in Rule 13a-15 promulgated  under the [Securities] Exchange Act  [of 1934 (the "Exchange Act")]) designed to ensure that material information relating to [ARCP] required to be included  in reports filed under the Exchange  Act, including its consolidated subsidiaries, is made known to [ARCP's] principal executive officer and its principal financial officer by others within those entities, particularly during the periods in which the periodic reports

- 8 -

required under the Exchange Act are being prepared, and, to the knowledge of [ARCP], such disclosure controls and procedures are effective in timely alerting [ARCP's] principal executive officer and its principal financial officer to material information required to be included in [ARCP's] periodic reports required under the Exchange Act"; and (iii) the Audit Committee been informed of "all significant deficiencies and material weaknesses in the design or operation of internal controls over financial reporting that are reasonably likely to adversely affect [ARCP's] ability to record, process, summarize and report financial data."

29.     Section 5.7(a) of the Merger Agreement contained a representation by ARCP that all of its filings with the SEC "complied in all material respects with the requirements of the Securities Act or the Exchange Act, as the case may be, and the applicable rules and regulations of the SEC thereunder," and did not contain "any untrue statement of a material fact or omit to state a material fact required to be stated therein or necessary in order to make the statements made therein, in light of the circumstances under which they were made, not misleading."

30.     Section 5.8 of the Merger Agreement stated that "None of the information supplied or to be supplied in writing by or on behalf of [ARPC] for inclusion or incorporation by reference in (i) the Form S-4 [Registration Statement] will, at the time such document is filed with the SEC, at any time such document is amended or supplemented or at the time such document is declared effective by the SEC, contain any untrue statement of a material fact or omit to state any material fact required to be stated therein or necessary to make the statements therein not

misleading, or (ii) the Joint Proxy Statement will, at the date it is first mailed to the

stockholders of [Cole and of ARCP], at the time of the [Cole] Stockholder Meeting

and the [ARCP] Stockholder Meeting, at the time the Form S-4 is declared effective

by the SEC or at the Effective Time, contain any untrue statement of a material fact

or omit to state any material fact required to be stated therein or necessary to make

the statements therein, in light of the circumstances in which they were made, not

misleading."

31.    Section 6.2(c)(v) of the Merger Agreement contained a covenant by

ARCP that it will "maintain all financial books and records in all material respects in

accordance with GAAP."

32.    Similarly, ARCP's Quarterly Reports on Form 10-Q for the quarters

ended Mach 31, 2013, June 30, 2013, and September 30, 2013 assured investors that

"we, under the supervision and with the participation of our Chief Executive Officer

and Chief Financial Officer, carried out an evaluation of the effectiveness of our

disclosure controls and procedures (as defined in Rules 13a-15(e) and 15d-15(e) of

the Exchange Act) as of the end of the period covered by this Quarterly Report on

Form 10-Q and determined that the disclosure controls and procedures are effective."

33.    Each of these quarterly filings contained a discussion about AFFO,

highlighting the importance of this number to investors.  In particular, each filing

stated that AFFO (and FFO) were "useful indicators of the performance of a REIT."

These statements also stated that "we believe that AFFO, by excluding acquisition-

related fees and expenses, provided information consistent with management's

analysis of the operating performance of the properties.  By providing AFFO, we believe we are presenting useful information that assists investors and analysts to better assess the sustainability of our operating performance.  Further, we believe AFFO is useful in comparing the sustainability of our operating performance with the sustainability of the operating performance of other real estate companies, including exchange-traded and non-traded REITs."

34.     Each of these quarterly statements contained the Company's AFFO for that particular quarter.  The AFFO for the three months ending on March 31, 2013 was $30,752,000; for the three months ending on June 30, 2013 was $32,833,000; and for the three months ending September 30, 2013, was $46,665,000.  Each of these statements was incorporated by reference into the Registration Statement and each was signed by defendants Schorsch and Block.

35.     Finally, the Proxy, which was incorporated into the Registration Statement, contained financial data for ARCP for the first nine months of 2013, ending September 30, 2013.  The Proxy stated that "[i]n ARCP's opinion, such unaudited financial statements include all adjustments (consisting of normal recurring adjustments) necessary for a fair presentation of the interim September 30, 2013 financial information."

36.     The statements above concerning the Company's internal controls were false for the following reasons:

(a)     the system of internal accounting controls and procedures that ARCP had devised and maintained were insufficient to provide reasonable

assurances regarding the reliability of its financial reporting and the preparation of its financial statements;

> (b)   the Audit Committee was not informed of "all significant deficiencies and material weaknesses in the design or operation of internal controls over financial reporting that are reasonably likely to adversely affect [ARCP's] ability to record, process, summarize and report financial data";

> (c)   the disclosure controls and procedures designed to ensure that material information relating to ARCP required to be included in reports filed under the Exchange Act, including its consolidated subsidiaries, were not "effective" in timely alerting ARCP's principal executive officer to material information required to be included in ARCP's periodic reports required under the Exchange Act; and

> (d)   ARCP's filings with the SEC did not comply in all material respects with the requirements of the Securities Act or the Exchange Act, as the case may be, and the applicable rules and regulations of the SEC thereunder, and contained untrue statements of material fact or omitted to state material facts required to be stated therein or necessary in order to make the statements made therein, in light of the circumstances under which they were made, not misleading.

37.    The statements above concerning the Company's AFFO were false because they exaggerated ARCP's actual AFFO by purposefully including amounts related to its non-controlling interests in the calculation of AFFO.

38.    On October 29, 2014, shares of ARCP fell $4.50 per share to a low of $7.85 per share on unusually heavy volume.  ARCP's stock continued to fall, hitting a

low of $7.38 per share on November 3, 2014. The full extent of defendants' false statements is still unknown. ARCP stated that it will restate prior financial statements and amend its prior periodic filings "to the extent required."

39.     The company is now subject to multiple governmental investigations. According to reports, the Federal Bureau of Investigation, the United States Attorney's Office and the SEC are all reviewing the Company's false statements.

## NO SAFE HARBOR

40.     The statutory safe harbor provision for forward looking statements does not apply here. The misleading statements are not forward looking, were not identified as forward looking statements, and were not accompanied by meaningful cautionary language.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action as a class action pursuant to Maryland Rule 2-231 on behalf of a class consisting of all persons or entities who acquired ARCP common stock pursuant and/or traceable to the false and misleading Registration Statement (the "Class"). Excluded from the Class are defendants and their families, the officers, directors, and affiliates of the defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which defendants have or had a controlling interest.

42.     The members of the Class are so numerous that joinder of all members is impracticable. ARCP stock is actively traded on The NASDAQ Stock Market. While the exact number of Class members is unknown to plaintiff at this time and can only be

ascertained through appropriate discovery, plaintiff believes that there are hundreds or thousands of members in the proposed Class. The Company exchanged over 473 million Cole shares for ARCP stock and cash. Record owners and other members of the Class may be identified from records maintained by ARCP or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

43.    Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

44.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

45.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)    whether defendants violated the Securities Act;

(b)    whether statements made by defendants to the investing public in the Registration Statement misrepresented material facts about the business and prospects of ARCP; and

(c)    to what extent the members of the Class have sustained damages and the proper measure of damages.

46.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION

### Against the Defendants for Violations of Section 11 of the Securities Act

47.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

48.     This cause of action is brought pursuant to section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against the defendants.

49.     The Registration Statement was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

50.     The defendants named herein were responsible for the contents and dissemination of the Registration Statement.

51.     As issuer of the shares, ARCP is strictly liable to plaintiff and the Class for the misstatements and omissions.

52.     None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the

Registration Statement were true and without omissions of any material facts and were not misleading.

53.     By reason of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, section 11 of the Securities Act.

54.     Plaintiff acquired ARCP common stock pursuant and/or traceable to the Registration Statement.

55.     Plaintiff and the Class have sustained damages. The value of ARCP common stock has declined substantially subsequent to and due to defendants' violations.

56.     At the time of their acquisition of ARCP common stock, plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to October 29, 2014. Less than one year has elapsed from the time that plaintiff discovered or reasonably could have discovered the facts upon which this Complaint is based to the time that plaintiff filed this Complaint. Less than three years has elapsed between the time that the securities upon which this cause of action is brought were offered to the public and the time plaintiff filed this Complaint.

## SECOND CAUSE OF ACTION

### Against the Defendants
### for Violation of Section 15 of the Securities Act

57.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

58.     This cause of action is brought pursuant to section 15 of the Securities Act against the Defendants.

59.     The Individual Defendants each were control persons of ARCP by virtue of their positions as directors and/or senior officers of ARCP. The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of ARCP. The Company controlled the Individual Defendants and all of ARCP's employees.

60.     The defendants each were culpable participants in the violations of section 11 of the Securities Act alleged in the cause of action above, based on their having signed or authorized the signing of the Registration Statements and having otherwise participated in the process which allowed the Merger to be successfully completed.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief and judgment, as follows:

A.     Declaring this action to be a proper class action and certifying plaintiff as a class representative;

B.     Awarding compensatory damages in favor of the plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.     Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including attorneys' and expert fees;

D.     Awarding rescission or a rescissory measure of damages; and

E.     Awarding such equitable/injunctive or other relief as the Court may deem just and proper.

- 17 -

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

RECEIVED AND FILED

2014 NOV 25  P  1: 54

CLERK OF CIRCUIT COURT
BALTIMORE COUNTY

Dated: November 25, 2014

PATRICK C. SMITH
DEHAY & ELLISTON L.L.P.
36 South Charles Street, Suite 1300
Baltimore, MD  21201
Telephone: (410) 783-7019
Facsimile: (410) 783-7221

ROBBINS ARROYO LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
EDWARD B. GERARD
JUSTIN D. RIEGER
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

Attorneys for Plaintiff

997554